UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTOPHER CORRADO,

                          Plaintiff,

                      -against-

NEW YORK OFFICE OF TEMPORARY AND DISABILTY
ASSISTANCE, Child Support, SAMUEL D. ROBERTS,
SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES,
JOHN O'NEIL, NEW YORK OFFICE OF INDIGENT DEFENSE,
WILLIAM LEAHY, NEW YORK FAMILY COURT SYSTEM,
ANDREW CUOMO, ERIC SCHNEIDERMAN, JUDICIAL
REVIEW COMMITTEE OF THE STATE OF NEW YORK,
KLONIK, RUDERMAN, ACOSTA, BELLUCK, COHEN,
CORNGOLD, HARDING, STOLOFF, WEINSTEIN,
JUDGE RICHARD HOFFMAN, MAGISTRATE ORLANDO,
MAGISTRATE JOSEPH CHERRY, COURT OF APPEALS
OF N.Y., and J. LIPPMAN,

                          Defendants.
----------------------------------------------------------------X

**ORDER**
15-CV-7316 SJF)(AYS)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    JUN 02 2016    ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On December 21, 2015, *pro se* plaintiff Christopher Corrado ("plaintiff" or "Corrado") filed an *in forma pauperis* complaint in this Court seeking to challenge an action pending in the New York State Family Court, Tenth Judicial District, Suffolk County against him: *Eileen D'Amico v. Christopher Corrado,* "and all related actions therein."[1] Complaint ("Compl.") at 2, Docket Entry ("DE") [1]. The instant complaint names as defendants[2] the New York Office of Temporary and Disability Assistance, Child Support ("OTDA"); OTDA employee-Child Support,

---

[1] It appears that there is a child support enforcement action against Corrado in state court under Index No. 6746-10 *See D'Amico v. Corrado,* 15-CV-4846(SJF)(AYS) ("Corrado I"), Pet. for Removal, at 1 ("petition for removal from the 10th Judicial District Court of New York State County of Suffolk...State court cause [sic] no.: 6746-10").

[2] The caption of the complaint does not contain any titles for the individual defendants. The titles referenced by the Court are taken from Corrado's list of defendants on the Certification of Service. Compl., p. 13.

1

Samuel D. Roberts ("Roberts"); the Suffolk County Department of Social Services ("DSS"); DSS employee-Child Support, John O'Neil ("O'Neil"); New York Office of Indigent Defense ("NYOID"); William Leahy ("Leahy"), New York State Family Court System; New York Governor Andrew Cuomo ("Gov. Cuomo"); New York Attorney General Eric Schneiderman ("NYAG Schneiderman"); Judicial Review Committee of the State of New York ("NYJRC"); NYJRC members Klonik, Ruderman, Acosta, Belluck, Cohen, Corngold, Harding, Stoloff, and Weinstein (collectively, "NYJRC Members"); Family Court Judges Richard Hoffman ("Judge Hoffman"), Magistrate Orlando, Magistrate Joseph Cherry ("Magistrate Cherry"); the Court of Appeals of N.Y.; and J. Lippman ("Lippman" and collectively, "defendants"), purporting to allege claims under a variety of federal criminal and civil statutes.

The complaint is accompanied by an application to proceed *in forma pauperis*. Upon review of the plaintiff's declaration in support of his application to proceed *in forma pauperis*, the court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

I. BACKGROUND

A. Prior Actions

The instant action is plaintiff's fifth attempt to bring issues regarding his on-going child support dispute to this Court. On August 12, 2015, plaintiff filed a Notice of Removal seeking to remove to this Court a child support enforcement action commenced in or about September 2010 by Eileen D'Amico against Corrrado in the Family Court of the State of New York, County of Suffolk – 10th Judicial District ("state court"). By Memorandum and Order dated August 25,

2

2015, the Court granted Corrado's application to proceed *in forma pauperis* and remanded the case to the state court pursuant to 28 U.S.C. § 1447(c). *See* Corrado I, DE [12] (the "Remand Order").[3]

Corrado also filed three *in forma pauperis* complaints in this Court against New York state judicial officers involved with the child support enforcement action against him in state court. Specifically, he filed substantially identical complaints against Judge David Freundlich, Supervising Judge and Acting Supreme Court Justice of the Family Court of the State of New York, County of Suffolk, *see* 15-cv-5389, Support Magistrate Meridith Lafler, Family Court of the State of New York, County of Suffolk, *see* 15-cv-5390, and Judge Bernard Cheng, Family Court of the State of New York, County of Suffolk. *See* 15-cv-7221. By Memorandum and Order dated May 20, 2016, the undersigned granted Corrado's applications to proceed *in forma pauperis* and *sua sponte* dismissed all three complaints, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* 15-cv-5389, DE [10]; 15-cv-5390, DE [10]; and 15-cv-7221, DE [10].

**B. The Instant Complaint[4]**

Plaintiff's complaint is difficult to comprehend but appears to challenge the underlying state court case pending against him in the New York State Family Court, Suffolk County, in addition to related state court litigation and actions taken by various state agencies and their officers/employees. Plaintiff alleges claims arising under 11 U.S.C. § 362(a), 15 U.S.C. §§ 1673, 1675, 18 U.S.C. §§ 242, 245, 1514, 2381, 2382, and 42 U.S.C. §§ 1983, 12203. Compl. at 1, ¶¶ 1,

---

[3] Plaintiff moved for reconsideration of the Remand Order. *See* Corrado I, DE [13]. By Order dated October 26, 2015, the motion for reconsideration was denied because, upon certification of the remand order, this Court divested itself of jurisdiction and thus was barred from further consideration of Corrado's case. *See* Corrado I at DE [27]. On November 13, 2015, Corrado filed a Notice of Appeal of the Court's denial of his motion for reconsideration.

[4] All material allegations in the complaint are presumed to be true for the purpose of this Order, *see, e.g., Rogers v. City of Troy, N.Y.*, 148 F. 3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

3

5-10. He is apparently seeking redress for "criminal acts and Federal violations in the malicious prosecution of Petitioner Christopher Corrado in the Eileen D'Amico v. Christopher Corrado Family Court of the State of New York case(s) and all related actions therein."[5] Though far from clear, it appears that plaintiff is seeking review in this Court of the underlying Family Court and state court actions as well as any determinations made by any of the defendant-agencies relating to his child support obligations. *Id.* at 10 ("Petitioner request[s] all orders in this matter be void and vacated, permanent injunctive relief on all Family Court Matters, agencies and for all Family Courts of the State of New York to refrain from any further action upon the Petitioner (and child). . . .").

Plaintiff's fourteen page complaint is largely consists of citations to, and excerpts from, federal statutes and case law, and is wholly conclusory. It is completely devoid of factual allegations, and fails to identify any of the defendants or attribute any specific act or omission to any one of them. Indeed, not one of the individual defendants is mentioned anywhere in the complaint beyond the caption. He seeks to recover, *inter alia*, a monetary judgment in the sum of $10,000,000 for himself and his child from each defendant. Compl. at 10.

## II. DISCUSSION

### A. *In Forma Pauperis*

Having reviewed plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request for permission to proceed *in forma pauperis* is granted.

---

[5] Plaintiff does not provide any further information in the complaint about those proceedings such as docket or index number, or procedural posture. Compl. at 1 and *passim*.

## B. Standard of Review

Under the *in forma pauperis statute*, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). It is axiomatic that district courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted), and to construe them "to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)), *aff'd.*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 557); *accord Dejesus v. FIF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013).

## C. Section 1983 Claims

Section 1983 of Title 42 of the United States Code provides, in relevant part:

5

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; *see also Rehberg v. Paulk*, -- U.S. --, 132 S. Ct. 1497, 1501-02 (2012), 182 L.Ed.2d 593. "In order to state a claim under § 1983, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Dwyer v. Regan*, 777 F.2d 825, 828 (2d Cir. 1985); *see also Rae v. Cty. of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999)). Plaintiff generally claims that defendants have violated his rights under the First, Fourth, Fifth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution. *See* Compl. p.2.

Section 1983 does not itself create substantive rights, but rather offers "a method for vindicating federal rights elsewhere conferred." *Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). "Despite the broad terms of § 1983, this Court has long recognized that the statute was not meant to effect a radical departure from ordinary tort law and the common-law immunities applicable in tort suits." *Rehberg*, 132 S. Ct. at 1502; *see also Filarsky v. Delia*, -- U.S. --, 132 S. Ct. 1657, 1665 (2012) ("[Courts] read § 1983 in harmony with general principles of tort immunities and defenses." (quotation and citation omitted)).

In addition, "a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983." *Patterson*, 375 F.3d at 229; *see also Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987) ("Absent some personal involvement by [a defendant] in the allegedly unlawful conduct of his subordinates,

he cannot be held liable under section 1983."). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. *See, e.g., Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010).

1. Sovereign Immunity

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has made clear "that the Constitution does not provide for federal jurisdiction over suits against non-consenting states." *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726, 123 S. Ct. 1972, 155 L.Ed.2d 953 (2003) (citations omitted); *see also KM Enters., Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013) (noting that "[a]s a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law." (citations omitted)). Moreover, the Eleventh Amendment entitlement to sovereign immunity extends "to entities considered arms of the state, such as state agencies." *Walker v. City of Waterbury*, 253 F. App'x 58, 60 (2d Cir. 2007) (internal quotation marks and citations omitted). The jurisdictional bar proscribing suits against a State, its agencies or departments "applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984).

It is well-established that New York State has not waived its immunity for Section 1983 suits and there has been no statutory waiver. *See, e.g., Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) ("New York has not consented to § 1983 suits in federal court"); *Garcia v. Paylock*, No. 13–CV–2868, 2014 WL 298593, at *3 (E.D.N.Y. Jan. 28, 2014) ("The State has not

7

waived its immunity, nor has its immunity been abrogated, for the causes of action plaintiff has asserted" pursuant to § 1983). Accordingly, the various state courts and agencies named by plaintiff are immune from suit. *See, e.g., McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App'x 121, 122-23 (2d Cir. 2010) (state courts and disciplinary committees are immunized from suit as arms of the State); *Lach v. N.Y. State Office of Temp. & Disability Assistance*, No. 11-CV-402, 2011 WL 837743, at *1 (E.D.N.Y. Mar. 4, 2011) (NY OTDA "has Eleventh Amendment immunity from suit").

Eleventh Amendment immunity also extends to suits for damages against state officers in their official capacities as "lawsuits against state officers acting [in] their official capacity and lawsuits against state courts are considered to be lawsuits against the state." *McNamara v. Kaye*, No. 06-CV-5169, 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) (citations omitted)), *aff'd*, 360 F. App'x 177 (2d Cir. 2009); *but see Edelman v. Jordan*, 415 U.S. 651, 677, 94 S. Ct. 1347, 39 L.Ed.2d 662 (1974) (a plaintiff may sue a state official acting in his official capacity only for "prospective injunctive relief" from violations of federal law). As plaintiff seeks monetary damages and has not articulated any claim for prospective relief against any individual, the official-capacity claims against the state officers are also barred by the Eleventh Amendment.

Accordingly, plaintiff's claims against the state agencies OTDA, NYOID, New York State Family Court System, New York Court of Appeals, NYJRC, and the individual defendants acting in their official capacities, Roberts, Leahy, Gov. Cuomo, NYAG Schneiderman, NYJRC Members Klonik, Ruderman, Acosta, Belluck, Cohen, Corngold, Harding, Stoloff, Weinstein, Judge Hoffman, Magistrate Orlando, Magistrate Cherry, and Lippman are dismissed on Eleventh Amendment and sovereign immunity grounds.

To the extent plaintiff seeks to assert claims against any of the individual state defendants

in their individual capacities under 42 U.S.C. § 1983, his claims also fail. Apart from referencing these defendants in the caption, not one is mentioned in the body of the complaint. Given the total absence of factual allegations that might establish their personal involvement in an alleged constitutional violation, plaintiff has not alleged plausible Section 1983 claims against Roberts, Leahy, Gov. Cuomo, NYAG Schneiderman, NYJRC Members Klonik, Ruderman, Acosta, Belluck, Cohen, Corngold, Harding, Stoloff, Weinstein, Judge Hoffman, Magistrate Orlando, Magistrate Cherry, and Lippman, and such claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

2. Judicial Immunity

The Supreme Court has found that "actions taken by judges within the legitimate scope of judicial authority" are "functions that are absolutely immune from liability for damages under § 1983." *Rehberg*, 132 S. Ct. at 1503. This absolute immunity includes state government officials, such as a support magistrate in the Family Court, under a "quasi-judicial" theory. *See, e.g., Williams v. Williams*, 11-CV-246S, 2012 WL 639697, *7 (W.D.N.Y. Feb. 27, 2012) ("This [absolute judicial] immunity has also been found to extend to support magistrates."); *Lometvas v. Cardozo*, 95- CV-2779, 2006 WL 229908, *5 (E.D.N.Y. Jan. 31, 2006) (finding that plaintiff's claims against a support magistrate in the Family Court were barred by absolute judicial immunity).

Three of the named defendants, Judge Hoffman, Magistrate Orlando, and Magistrate Cherry, appear by title to be judicial officers, and a fourth, Lippman is likely sued in his former capacity as Chief Judge of the New York Court of Appeals. As such, all four of these judicial defendants enjoy absolute immunity from suits for damages for judicial acts performed in their judicial capacities. *See Rehberg*, 132 S. Ct. at 1503; *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir.

2009). Corrado alleges no acts performed by the judicial defendants, let alone acts that fall outside the scope of judicial immunity. Accordingly, based upon the doctrine of absolute judicial immunity, plaintiff's Section 1983 claims against Judge Hoffman, Magistrate Orlando, Magistrate Cherry, and Lippman are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3. Claims Against DSS and O'Neil

Although plaintiff has named DSS and DSS employee O'Neil as defendants, he has not alleged a plausible Section 1983 claim against either of them. Plaintiff's claims against DSS fail as a matter of law because this defendant is merely an administrative arm of the municipality, Suffolk County, and has no independent legal identity. "In New York, agencies of a municipality are not suable entities" because "[u]nder New York law, departments that are merely administrative arms of a municipality have no separate legal identity apart from the municipality and therefore cannot be sued." *Santiago v. City of New York*, No. 06 Civ. 15508, 2008 WL 2854261, at *3 (S.D.N.Y. July 21, 2008); *see also Schweitzer v. Crofton*, 935 F. Supp. 2d 527, 551 (E.D.N.Y. 2013) ("Plaintiffs' claim against the Suffolk County Department of Social Services must be dismissed because it is not a suable entity"). Accordingly, because DSS lacks the capacity to be sued, plaintiff's claims against it are implausible and are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

Plaintiff's claims against O'Neil fare no better. The complaint does not include any factual allegations of conduct or inaction directly attributable to any defendant, including O'Neil, and thus plaintiff has not alleged a plausible claim. Given the absence of allegations of any personal involvement by O'Neil suggesting a deprivation of some constitutional right, plaintiff's Section 1983 claim against him cannot stand and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

## D. No Private Right of Action

### 1. Claims Under Federal Criminal Statutes

Plaintiff seeks to impose liability against the defendants under sections 242, 245, 1514. 2381, and 2382 of title 18 of the United States Code. It is well-settled, however, that "crimes are prosecuted by the government, not by private parties." *See Hill v. Didio*, 191 F. App'x 13, 14-15 (2d Cir. 2006). It is a "general precept of criminal law that unless the statute specifically authorizes a private right of action, none exists." *Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 477 (E.D.N.Y. 1998) (citations omitted), *aff'd*, 205 F.3d 1327 (2d Cir. 2000).

There is no private right of action under any of the sections cited by plaintiff. *See Hill*, 191 F. App'x at 15 (no private right of action under 18 U.S.C. § 242 (citation omitted)); *Gunter v. Long Island Power Auth./Keyspan*, No. 08 CV 498, 2011 WL 1225791, at *11 (E.D.N.Y. Feb. 15, 2011) (no private right of action under either § 242 or § 245), *adopted by* 2011 WL 1154382 (E.D.N.Y. Mar. 29, 2011); *Nguyen v. Ridgewood Sav. Bank*, No. 14-CV-1058, 2015 WL 2354308, at *13 (E.D.N.Y. May 15, 2015) (citation omitted) (dismissing claims for treason and misprision of treason under 18 U.S.C. §§ 2381 and 2382, respectively, because statutes do not provide private right of action); *Canning v. Veitch*, 15-CV-1215, 2015 WL 7444260, at *2 (N.D.N.Y. Oct. 16, 2015) (dismissing claim brought under 18 U.S.C. § 1514 because the statute "create[s] no private right of action that can be enforced" by plaintiff), *adopted by* 2015 WL 7432376 (N.D.N.Y. Nov. 23, 2015); *see also* 18 U.S.C. § 1514(a)(1) (explicitly providing for issuance of a temporary restraining order "upon application of the attorney for the Government"). Accordingly, plaintiff's attempt to assert causes of action against the defendants under these statutes fails as a matter of law. Because plaintiff cannot state a plausible claim for relief under any of these

11

statutes, his causes of action alleging violations of 18 U.S.C. §§ 242, 245, 1514, 2381, and 2382 are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) (2)(B)(ii).

### 2. Claims Under the Consumer Credit Protection Act

Plaintiff also alleges claims arising under sections of the Consumer Credit Protection Act ("CCPA") regarding restrictions on garnishments. 15 U.S.C. §§1673, 1675. Like his claims brought pursuant to Title 18, plaintiff cannot pursue his claims under the CCPA because there is no private right of action under these statutes. *See Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 501 (S.D.N.Y. Mar. 6, 2015) (no private right of action under 15 U.S.C. § 1673, noting that the section is enforced exclusively by the Secretary of Labor) (citing *Long Island Trust Co. v. U.S. Postal Serv.*, 647 F.2d 336, 341 (2d Cir. 1981)); 15 U.S.C. § 1676 ("The Secretary of Labor . . . shall enforce the provisions of this subchapter"). Accordingly, plaintiff has not alleged a plausible claim pursuant to 15 U.S.C. §§ 1673 and 1675 and these claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) (B)(2).

### E. Claims Under the Americans with Disabilities Act

Title 42 of the United States Code protects equal opportunities for individuals with disabilities and is commonly known as the Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. §§ 12101 *et seq*. The provision of the ADA invoked by plaintiff makes it unlawful to retaliate against an individual who opposed an act or practice made unlawful under the ADA, or to "coerce, intimidate, threaten, or interfere with any individual in the exercise" of rights granted by the ADA. *See* 42 U.S.C. § 12203. "A person need not prove that she is disabled to pursue a claim for retaliation." *Bahamonde v. Shepard*, 11-CV-5166, 2013 WL 2250209, *2 (E.D.N.Y. May 22, 2013). In order to allege a *prima facie* case of retaliation under the ADA the plaintiff must claim: "(1) engagement in an activity protected by the ADA; (2) defendant's awareness of

that activity; (3) action adverse to the plaintiff, and (4) a causal connection between the protected activity and the adverse action." *Bahamonde*, 2013 WL 2250209, at *2 (citing *Weissman v. Dawn Jov Fashions, Inc.*, 214 F.3d 224, 234 (2d Cir. 2000) (additional citations omitted)).

The complaint does not provide any allegations that would support finding a *prima facie* case for retaliation or any other claim under Section 12203 of the ADA. Accordingly, plaintiff's ADA claim is dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

### F. Claims Under the Bankruptcy Code

Section 362(a) of Title 11 of the United States Code (the "Bankruptcy Code") provides for an automatic stay against "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1). As the complaint does not allege that plaintiff has filed a bankruptcy petition, this statute has no application and does not provide a basis for relief. Accordingly, plaintiff's claims pursuant to 11 U.S.C. § 362(a) are implausible and are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. LEAVE TO AMEND

In light of the pleading deficiencies set forth above, the Court has considered whether plaintiff should be given an opportunity to re-plead. Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and

internal quotation marks omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Here, the deficiencies in plaintiff's claims pursuant to 11 U.S.C. § 362(a), 15 U.S.C. § 1675, 18 U.S.C. §§ 242, 245, 2382, 2382, 28 U.S.C. § 1652 and 42 U.S.C. § 12203, and plaintiff's Section 1983 claim against DSS, are substantive in nature and, as such, cannot be remedied by amendment. Accordingly, the court declines to grant plaintiff leave to file an amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to these claims. In addition, because plaintiff's claims for relief against OTDA, Roberts, NYOID, Leahy, New York State Family Court System, Gov. Cuomo, NYAG Schneiderman, NYJRC, Klonik, Ruderman, Acosta, Belluck, Cohen, Corngold, Harding, Stoloff, Weinstein, Judge Hoffman, Magistrate Orlando, Magistrate Cherry, Court of Appeals of N.Y., and J. Lippman are barred from adjudication here by sovereign and/or judicial immunity, the court also declines to grant plaintiff leave to file an amended complaint as to these claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). As to any remaining claim or potential claim, a liberal reading of the complaint reveals no indication of any valid claim. Accordingly, the Court finds that amendment would be futile and denies plaintiff leave to amend.

## IV. CONCLUSION

For the reasons and to the extent set forth above, plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed. The Clerk of the Court is directed

to close the case. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

/s/
Sandra J. Feuerstein
United States District Judge

Dated: June 2, 2016
Central Islip, New York